TIMOTHY A. MOTT, ESQ.
Nevada Bar No. 12828
*tim@valientemott.com*
PETER PETERSEN, ESQ.
Nevada Bar No. 14256
peter@valientemott.com
JAMES A. TRUMMELL, ESQ.
Nevada Bar No. 14127
*jim@valientemott.com*
**VALIENTE MOTT, LTD.**
700 S. 7th Street
Las Vegas, Nevada 89101
Telephone: (702) 623-2323
Facsimile: (702) 623-2323

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JUAN BATISTA-MORA, an individual; MANUEL BATISTA-ALABA, an individual; SANTA DOLORES BLANCO-HERNANDEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FERNANDO SANCHO, an individual; EXCEL LEASING, INC., a foreign corporation; DOES I through V, inclusive; and ROE CORPORATIONS I through V, inclusive<br><br>Defendants. | CASE NO.:   2:23-cv-01302-JCM-DJA<br><br>**STIPULATION AND (~~PROPOSED~~) ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>[FIRST REQUEST] |

      The undersigned, on behalf of Plaintiffs, Juan Batista-Mora, Manuel Batista-Alaba and Santa Dolores-Blanco, and Defendants, Fernando Sancho and Excel Leasing, Inc., hereby stipulate to extend the remaining deadlines in the current scheduling order and discovery plan in this matter for a period of ninety (90) days for the reasons explained herein, and under Local Rule 6-1(b).



**I.**

**DISCOVERY COMPLETED TO DATE**

1. The parties have conducted an FRCP 26(f) conference and have served their respective FRCP 26(a) disclosures;

2. Plaintiff has served on Defendant Excel Leasing Requests for Admission, Interrogatories and Requests for Production, and Defendant Excel Leasing has served responses and objections thereto.

3. Plaintiff has served on Defendant Fernando Sancho Requests for Admission, Interrogatories and Requests for Production.

4. Defendant has served on Plaintiff Juan Batista-Mora Requests for Admission, Interrogatories and Requests for Production.

5. Defendant has served on Plaintiff Manuel Batista-Alaba Requests for Admission, Interrogatories and Requests for Production;

6. Defendant has served on Plaintiff Santa Dolores Blanco-Hernandez Requests for Admission, Interrogatories and Requests for Production.

**II.**

**DISCOVERY TO BE COMPLETED**

1. Additional written discovery;

2. Depositions of fact witnesses;

3. Depositions of Plaintiffs treating physicians;

4. Affirmative and rebuttal expert disclosures;

5. Depositions of expert witnesses and rebuttal expert witnesses; and

6. Deposition of Defendant's FRCP 30(b)(6) witness.

7. FRCP 35 Examination of Plaintiffs



## III.

## REASON THAT DISCOVERY HAS NOT YET BEEN COMPLETED

This is the first stipulation for extension of time. The enlargement of time periods, including discovery deadlines, is governed by F.R.C.P. 6(b), which states as follows:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them.

The Local Rules of the United States District Court for the District of Nevada include additional provisions relating to the extension or reopening of discovery. Specifically, Local Rule 6-1 governs requests for continuances and extensions in general, stating as follows:

> (a) Every motion requesting a continuance, extension of time, or order shortening time shall be Filed by the clerk and processed as an expedited matter. Ex parte motions and stipulations shall be governed by LR 6-2.
>
> (b) Every motion or stipulation to extend time shall inform the court of any previous extensions granted and state the reasons for the extension requested A request made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect. Immediately below the title of such motion or stipulation there shall also be included a statement indicating whether it is the first, second, third, etc., requested extension, i.e.:
>
> STIPULATION FOR EXTENSION OF TIME TO FILE MOTIONS (First Request)
>
> (c) The court may set aside any extension obtained in contravention of this rule.
>
> (d) A stipulation or motion seeking to extend the time to file an opposition or final reply to a motion, or to extend the time fixed for hearing a motion, must state in its opening paragraph the filing date of the motion.

Local Rule ~~26-4~~ 26-3 specifically refers to the extension of scheduled deadlines, stating:

> Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions

or stipulations to extend discovery shall be received by the court within twenty (20) days before the discovery cut-off date or any extension thereof.
Any motion or stipulation to extend or to reopen discovery shall include:
(a) A statement specifying the discovery completed;
(b) A specific description of the discovery that remains to be completed;
(c) The reasons why discovery remaining was not completed within the time limits set by the discovery plan; and
(d) A proposed schedule for completing all remaining discovery.

Here, the Parties request an extension of discovery well before the expiration of those deadlines under LR 26-3. Plaintiff MANUEL BATISTA-ALABA is currently struggling with unrelated health conditions, which have necessitated a delay in his deposition. Defendant FERNANDO SANCHO lives out of state, resulting in difficulty coordinating his deposition availability. Further, scheduling conflicts and the holidays have delayed the remaining depositions and physical examinations. Consequently, the Parties request the extension of discovery with over forty-three (43) days before the expert disclosure deadline in the Stipulated Discovery Plan.

**1. No Party will Be Prejudiced in Any Manner By an Extension of the Discovery Period.**

No party will be prejudiced by an extension of the discovery deadline. An extension will allow each party to further prepare its respective case for trial. Forcing the parties to proceed to trial without the necessary discovery will affect every aspect of the trial. It will manifestly prejudice both sides ability to prepare and present their respective cases. *See Martel v. County of Los Angeles,* 34 F.3d 731, 735 (9th Cir. 1994).

**2. The Parties' Delay Was Not Long and Will Not Adversely Impact These Proceedings.**

The extension or reopening of discovery in this matter will not result in any manner prejudice any party. Likewise, such an extension will not adversely affect the proceedings in this Court. The parties have acted promptly to request an extension. Additional discovery should be allowed.



The parties have stipulated to extend discovery within 43 days of the initial expert disclosure date of January 8, 2024. This case is relatively young. Plaintiffs filed their complaint in Nevada State Court on December 5, 2022, and removal to Federal District Court occurred on August 22, 2023. Under these circumstances, an extension of time in which to complete discovery will not unduly delay these proceedings.

**3. The Movant Acted in Good Faith at All Times.**

Here, both parties are agreeable to the extension and have acted in good faith to request the same. The parties have no intent, nor reason, to delay the resolution. Both parties eagerly looked forward to attempting to resolve this matter.

V.

**PROPOSED NEW DISCOVERY DEADLINES**

| | |
|---|---|
| Discovery Cut-off | May 20, 2024 |
| Expert Disclosures | March 20, 2024 |
| Rebuttal Expert Disclosures | April 22, 2024 |
| Dispositive Motions | June 18, 2024 |
| Joint Pretrial Order | July 8, 2024 |

DATED this 20th day of November, 2023.
**VALIENTE MOTT, LTD**

By: Peter Petersen
Peter Petersen, Esq.
Nevada Bar No. 14256
700 S 7th Street
Las Vegas, Nevada 89101
Attorney for Plaintiffs

DATED this 20th day of November, 2023.
**PERRY & WESTBROOK**

By: Alan W. Westbrook
Alan W. Westbrook, Esq.
Nevada Bar No. 06167
11500 S Eastern Avenue, Suite 140
Las Vegas, NV 89052
Attorney for Defendants

IT IS SO ORDERED:

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: 11/22/2023